IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT, JOSEPH THOMPSON, KADE FULMER, LELAND POLLOCK, DAVID B. TEBB, JERRY TAYLOR, UTAH STATE TAX COMMISSION, DANNY LYTLE, GERALD OSBORNE, BENJAMIN HULET, JOHN VALENTINE, MICHAEL CRAGUN, ROBERT PERO, REBECCA ROCKWELL, and BARRY CONOVER,<br><br>Defendants. | **(1) REPORT AND RECOMMENDATION TO GRANT STATE DEFENDANTS' MOTION TO DISMISS (ECF NO. 35)**<br><br>**AND**<br><br>**ORDER (2) DENYING MOTION TO LEAVE AMENDED COMPLAINT FILED ON JUNE 04, 2018 (ECF NO. 48), (3) DENYING MOTION TO LEAVE CLAIM & RELIEF FILED ON AUGUST 20, 2018 (ECF NO. 47), AND (4) REQURING MR. DESAI TO SHOW CAUSE WHY DEFENDANTS DANNY LYTLE, GERALD OSBORNE, BENJAMIN HULET, JOHN VALENTINE, MICHAEL CRAGUN, ROBERT PERO, REBECCA ROCKWELL, BARRY CONOVER, JOSEPH THOMPSON, AND KADE FULMER SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE PROCESS**<br><br>Case No.  2:17-cv-01164-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On October 27, 2017, Plaintiff Harshad Desai initiated this case against the State of Utah/Utah State Tax Commission and various employees and officials—Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, and Barry Conover.  (Compl., ECF No. 1.)  The Utah State Tax

1

Commission ("Commission")—the only state defendant Mr. Desai served[1]—and the State of Utah (collectively, "State Defendants"), moved to dismiss Mr. Desai's Complaint. (State Defs.' Mot. to Dismiss & Mem. in Supp. ("Mot. to Dismiss"), ECF No. 15.) Mr. Desai opposed the Motion. (Pl.'s Objection to Co- Defs.' Mot. to Dismiss the Case (Dated Dec. 4, 2017) ("Pl.'s Obj."), ECF No. 18.) On May 15, 2018, the undersigned[2] held a hearing on the Motion to Dismiss and other pending motions. (ECF No. 33.) During the hearing, Mr. Desai made an oral motion to amend his Complaint, which the Court granted. (Id.) The undersigned took the State Defendants' Motion to Dismiss—predicated on Eleventh Amendment immunity—under advisement. (Id.)

After Mr. Desai filed his Amended Complaint (Am. Compl., ECF No. 34), the State Defendants filed a Motion to Dismiss the Amended Complaint on the same Eleventh Amendment immunity grounds. (State Defs.' Mot. to Dismiss 1st Am. Compl. & Mem. in Supp. ("Mot. to Dismiss 1st Am. Compl."), ECF No. 35.) The State Defendants' Motion to Dismiss asks the Court to dismiss Mr. Desai's claims against them in the Amended Complaint for the same reasons set forth in their original Motion

---

[1] Mr. Desai served the Complaint on the Utah State Tax Commission only, not any of its employees or officials. (See Return of Service, ECF No. 8 (identifying service on Utah State Tax Commission); Mot. to Dismiss 2 n.1, ECF No. 15 (stating "[Mr.] Desai identifies Commission employees and officials in the caption of his Complaint, but he has only served the Complaint on the Commission"); Opp'n to Pl.'s Mot. to Leave to Am. Compl., Mot. to Enter Am. Compl., and Mot. for Leave Claim & Relief 2 n.1, ECF No. 51 (stating Mr. Desai "has failed to serve any individual state employees or officials, and the time provided by the Court for serving the individuals has expired. The only state defendant that has been served is the Utah State Tax Commission, which is immune from suit under the Eleventh Amendment.").)

[2] On November 29, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.)

to Dismiss and incorporates the arguments and legal authorities from their earlier Motion into their new Motion to Dismiss.  (Id.)  Subsequently, the Court found the State Defendants' Motion to Dismiss the original Complaint moot because Mr. Desai filed an Amended Complaint.  (Order Finding Moot State Defs.' Mot. to Dismiss Compl., ECF No. 36.)  However, the Court noted in the Order that it will "consider and incorporate by reference the arguments set forth in that motion to dismiss, and during the hearing on that motion, in deciding the State Defendants' newly filed motion to dismiss Mr. Desai's Amended Complaint."  (Id. at 2.)

    Mr. Desai subsequently filed two Motions, apparently seeking leave to file a supplement of some kind to his Amended Complaint and to file a separate "claim for relief."  (Mot. to Leave Am. Compl. Filed on June 04, 2018 ("Mot. to Leave Am. Compl."), ECF No. 48; Mot. to Leave Claim & Relief Filed on August 20, 2018 ("Mot. to Leave Claim & Relief"), ECF No. 47.)  Confusingly, Mr. Desai states that he "moves this court to leave amended complaint filed on June 04, 2018 and the addendum filed on August 14, 2018 (dated August 13, 2018)," and attaches a document called "Motion to Enter Amended Complaint," with exhibits, to his Motion to Leave.  (Mot. to Leave Am. Compl., ECF No. 48; Mot. to Enter Am. Compl. and Exs. 1–13, ECF Nos. 48-1–48-14.)  The Court already indicated in a prior order that the Amended Complaint is the operative pleading in this case, and the Court would not consider the August 14, 2018 "addendum" to the Amended Complaint that Mr. Desai filed because he had not obtained leave of court to amend his complaint.  (Order, ECF No. 45.)  Therefore, while Mr. Desai's intentions with respect to his Motion to Leave and the attached "Motion to Enter Amended Complaint" are not clear, the undersigned interprets them as an attempt

3

to supplement his existing Amended Complaint given that the document he seeks to file is not identified as a proposed second amended complaint, and it contains certain allegations that the existing Amended Complaint does not and vice versa.  The State Defendants opposed the Motions—which they construe together "as an attempt to file a second amended complaint"— because the State Defendants "are immune from suit in federal court under the Eleventh Amendment of the United States Constitution" and are still immune "[e]ven if the Court considered Plaintiff's proposed second amended complaint . . . ."  (Opp'n to Pl.'s Mot. to Leave to Am. Compl., Mot. to Enter Am. Compl., & Mot. for Leave Claim & Relief ("Opp'n to Supplements"), ECF No. 51.)

As addressed below, having considered the State Defendants' arguments, Mr. Desai's Opposition, and the parties' arguments at the May 15, 2018 hearing, the undersigned RECOMMENDS the District Judge DISMISS Mr. Desai's claims against the State Defendants because the Eleventh Amendment bars his claims, and the Court therefore lacks subject matter jurisdiction over those claims.

Further, the Court ORDERS Mr. Desai to show cause why the District Court should not dismiss Utah State Tax Commission employees and officials Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, and Barry Conover, and Garfield County employees Joseph Thompson and Kade Fulmer from this case since Mr. Desai has not served them.

Finally, the Court DENIES Mr. Desai's requests to supplement his Amended Complaint.  The Federal Rules of Civil Procedure do not permit piecemeal pleading.  Each case must have one operative complaint—not a separate Amended Complaint,

supplement, and claim for relief.  Piecemeal pleading confuses all parties and the Court and makes an answer or other response impossible.

## RELEVANT BACKGROUND

Mr. Desai appears to assert that the State Defendants violated certain of his constitutional rights, and specifically invokes 42 U.S.C. §§ 1981, 1983, 1985, and 1988. (Am. Compl. 2–5, ECF No. 34).  He also appears to allege that the State Defendants violated certain state laws relating to property appraisals, including Utah Code Ann. § 61-2g-301 (License or certification required), Utah Code Ann. § 61-2b-3, renumbered as Utah Code Ann. § 61-2g-301 (License or certification required), Utah Code Ann. § 61-2b-27, renumbered as Utah Code Ann. § 61-2g-403 (Professional conduct–Uniform standards), Utah Code Ann. § 59-2-701(1) (Appraisal by certified or licensed appraisers – Appraiser trainees), and Utah Admin. Code  R884-24P-19(16) (Appraiser Designation Program Pursuant to Utah Code Ann. Sections 59-2-701 and 59-2-702).  (Id. at 6–8.)

While the Amended Complaint's allegations lack clarity, Mr. Desai seems to claim that the Utah State Tax Commission assessors who assessed his properties lacked proper qualifications, that Utah State Tax Commission employees "created bogus reports" with respect to his properties, and that the Utah State Tax Commission refuses to provide requested information or meet with him.  (Am. Compl. 12–14, 27–38, 45, ECF No. 34.)  In essence, Mr. Desai appears to allege that Utah State Tax Commission employees (along with certain County employees) did not have the qualifications to and did not properly value his properties and purposefully valued his wife's and daughter's properties higher than they valued other similar properties owned by "local white" people with personal and/or political connections.  (Id. at 27–38, 50–52.)

5

## **LEGAL STANDARD**

Under Rule 12(b)(1), the Court may dismiss a claim for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court . . . ." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); see also Harris v. Owens, 264 F.3d 1282, 1288 (10th Cir. 2001) ("Once effectively raised, the Eleventh Amendment becomes a limitation on our subject-matter jurisdiction . . . ."); Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth., 577 F.3d 1255, 1258 (10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."). When a court resolves a 12(b)(1) motion based on the allegations in the complaint, the court accepts as true the well-pled factual allegations and views them in the light most favorable to the plaintiff. See Garling v. United States Envtl. Prot. Agency, 849 F.3d 1289, 1293 (10th Cir. 2017).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991), a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity

6

with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840.

## DISCUSSION

### A. The Eleventh Amendment Bars Mr. Desai's Claims Against the State Defendants

The State Defendants move to dismiss Mr. Desai's claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Eleventh Amendment bars his claims and that Mr. Desai cannot sue them under 42 U.S.C. § 1983. (Mot. to Dismiss 1st Am. Compl. 2–3, ECF No. 35.) Mr. Desai counters that the Eleventh Amendment is "of different era" and "flaw[ed]," and that the Court should "override" the State Defendants' "claim of Amendment 11 and apply Bill of right / Amendment 9 (uniqueness of the case and court's discretionary powers), Amendment 14, Title III, etc." (Pl.'s Obj. 3–4, 9, ECF No. 18.) Mr. Desai's response does not address the substance of the State Defendants' argument. The undersigned RECOMMENDS the District Judge find the State Defendants immune from Mr. Desai's claims in this case.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." Ruiz, 299 F.3d at 1180. Eleventh Amendment immunity extends to governmental entities that constitute arms of a state. Id. A person may sue a state or arm of the state "without offending Eleventh Amendment immunity" where (1) Congress abrogated a state's Eleventh Amendment immunity, or (2) where a state "waive[ed] its Eleventh Amendment immunity and consent[ed] to be sued." Id. at 1181.

7

Because Eleventh Amendment immunity implicates the Court's subject matter jurisdiction, Ruiz, 299 F.3d at 1180, the State Defendants should have properly brought their Motion to Dismiss on Eleventh Amendment immunity grounds under Rule 12(b)(1), not Rule 12(b)(6). See Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1168 (10th Cir. 2012) (stating that "'the question whether [a] suit states a claim upon which relief can be granted is [not] coincident in scope with [an] Eleventh Amendment inquiry.'" (quoting Harris, 264 F.3d at 1289)). Thus the undersigned considers the State Defendants' Motion as if they had brought it under Rule 12(b)(1). See Moreno v. Kan. City Steak Co., No. 17-CV-02029-DDC-KGS, 2017 WL 2985748, at *3 (D. Kan. July 13, 2017) (unpublished) ("Despite the Rule 12(b)(6) label defendant places on its Motion to Dismiss, the court must construe it as a motion under Rule 12(b)(1) if the question it presents is jurisdictional.")

As to the merits of the State Defendants' argument, the undersigned agrees that the Eleventh Amendment bars Mr. Desai's claims against them. First, the Utah State Tax Commission unquestionably functions as an arm of the state entitled to Eleventh Amendment immunity. See Rousay v. Utah State Tax Comm'n, 162 F.3d 1174, 1998 WL 777384, at *1 (10th Cir. 1998) (unpublished table decision) ("The district court correctly determined that the Eleventh Amendment bars a suit in federal court against the Utah State Tax Commission."); Hamilton v. Mengel, 629 F. Supp. 1110, 1113 (D. Utah 1986) ("The Utah State Tax Commission, as an agency of the State of Utah, is entitled to the immunity guaranteed states under the Eleventh Amendment."). Second, Congress did not abrogate states' immunity in enacting 42 U.S.C. §§ 1981, 1983, or 1985. See Ruiz, 299 F.3d at 1181 (stating that "the United States Supreme Court has

8

previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983" (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)); Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 & 1196 n.13 (10th Cir. 1999) (finding Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. §§ 1981, 1983, and 1985).[3] Third, Utah has not waived its Eleventh Amendment immunity with respect to civil rights claims or any other state law claims that Mr. Desai's lawsuit may implicate. See Utah Code Ann. § 63G-7-201(4)(b) (identifying governmental immunity for violations of civil rights). Moreover, "Utah law expressly provides that its state district courts have exclusive original jurisdiction over suits brought against it. This provision clearly evidences Utah's intent to retain its Eleventh Amendment immunity." Johns v. Stewart, 57 F.3d 1544, 1554 (10th Cir. 1995) (citation omitted); see Utah Code Ann. § 63G-7-501(1) ("The district courts have exclusive, original jurisdiction over any action brought under th[e Governmental Immunity] chapter."). The undersigned's analysis would not change even if the Court permitted Mr. Desai to file his supplement to the Amended Complaint and "claim for relief." The supplement references the same alleged violations of federal law and similar violations of state law, (Mot. to Enter Am. Compl. 3–5, ECF No. 48-1), and the "claim for relief" alleges that the State Defendants engaged in "infringement of civil rights." (Mot. to Enter Claim for Relief ¶ 1, ECF No. 47-1.) Moreover, the supplement

---

[3] 42 U.S.C. § 1988 does not give rise to an independent cause of action. See Schroder v. Volcker, 864 F.2d 97, 99 (10th Cir. 1988) (stating "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions'" (quoting Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985))).

involves the same subject matter—issues relating to property appraisals and valuations—as the Amended Complaint.

Because the Eleventh Amendment bars Mr. Desai's claims against the State Defendants, the Court lacks subject matter jurisdiction over those claims. Accordingly, the undersigned RECOMMENDS that the District Judge GRANT the State Defendants' Motion and DISMISS without prejudice Mr. Desai's claims against them for lack of subject matter jurisdiction. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) (stating that "where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**B. The Undersigned Orders Mr. Desai to Show Cause Why the Court Should Not Dismiss the Individual Defendants because Mr. Desai Failed to Serve them.**

Mr. Desai's Complaint and Amended Complaint name numerous Utah State Tax Commission employees and officials—Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, and Barry Conover—and two Garfield County employees—Joseph Thompson and Kade Fulmer—as defendants in this case. However, Mr. Desai has never served these defendants with a copy of the Summons and Complaint. (See Return of Service, ECF No. 7 (identifying service of Garfield County Government); Return of Service, ECF No. 8 (identifying service on Utah State Tax Commission)).

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(m) required Mr. Desai to serve these individuals with the Summons and Complaint within ninety (90) days after filing the Complaint. Mr. Desai filed his Complaint on October 27, 2017, so this ninety day period expired on January 25, 2018, and Mr. Desai made no apparent efforts to serve any of these individuals, despite numerous references in the State Defendants' filings to his failure to serve at least the Utah State Tax Commission employees and officials. (See Mot. to Dismiss 2 n.1, ECF No. 15 (stating that "[Mr.] Desai identifies Commission employees and officials in the caption of his Complaint, but he has only served the Complaint on the Commission"); Opp'n to Supplements 2 n.1, ECF No. 51 (stating that Mr. Desai "has failed to serve any individual state employees or officials, and the time provided by the Court for serving the individuals has expired").)

Accordingly, the undersigned ORDERS Mr. Desai to show cause why the Court should not dismiss Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer from this case because of Mr. Desai's failure to serve process. Mr. Desai has until January 4, 2019 to respond in writing to this Order to Show Cause. Failure to do so will result in a recommendation that the District Judge dismiss Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer from this case.

### C. The Court Denies Mr. Desai's Requests to Supplement His Amended Complaint

Mr. Desai apparently seeks leave to file supplements to his Amended Complaint, specifically stating that he "moves this court to leave amended complaint filed on June 04, 2018 and the addendum filed on August 14, 2018 (dated August 13, 2018)," and attaches a document called "Motion to Enter Amended Complaint," with exhibits, to his Motion.  (Mot. to Leave Am. Compl., ECF No. 48; Mot. to Enter Am. Compl. & Exs. 1–13, ECF Nos. 48-1–48-14.)  He also seeks leave to file a "claim for relief," which he admits is "part of a Complaint."  (Mot. to Leave Claim & Relief, ECF No. 47.)  The State Defendants opposed the Motions insofar as they continue to maintain that the Eleventh Amendment bars Mr. Desai's claims against them.  (Opp'n to Supplements, ECF No. 51.)  The Federal Rules of Civil Procedure do not permit piecemeal pleading.  Fed. R. Civ. P. 7(a).

"An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."  Franklin v. Kan. Dep't of Corr., 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished).  "In other words, a case may have one operative pleading only; a plaintiff may not add to a complaint in piecemeal fashion."  Conrad v. Bendewald, No. 11-CV-305-BBC, 2011 WL 13209598, at *1 (W.D. Wis. Sept. 1, 2011) (unpublished).  Thus, a plaintiff is "not allowed to amend a pleading by simply adding to or subtracting from the original pleading in subsequent filings scattered about the docket."  Boriboune v. Berge, No. 04-C-0015-C, 2005 WL 256525, at *1 (W.D. Wis. Jan. 31, 2005) (unpublished); see also Brooks-Ngwenya v. Bart Peterson's the Mind Tr., No. 1:16-CV-00193-PPS-SLC, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) (unpublished) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a

12

movant's allegations and intent, and thus, the Court will not accept attempts to supplement an earlier-filed complaint."). Instead, if a plaintiff wishes to amend his complaint, he must seek leave to "file a proposed amended complaint that will completely replace the original complaint." Boriboune, 2005 WL 256525, at *1.

    While the Court cannot discern Mr. Desai's intent in filing the Motion to Leave, he does not appear to seek leave to file an entirely new Second Amended Complaint. Mr. Desai's Motion references the "addendum" to the Amended Complaint he improperly filed, as well as the operative Amended Complaint, asking the Court to "leave" them. Moreover, he does not title the document he seeks to file "Second Amended Complaint" or "Proposed Second Amended Complaint"—instead he titles it "Motion to Enter Amended Complaint." Additionally, some of the allegations in the current operative Amended Complaint do not appear in the proposed supplement and vice versa. Therefore, the Court interprets Mr. Desai's Motion to Leave as an attempt to supplement the Amended Complaint, not replace it. In addition, Mr. Desai clearly seeks to supplement the Amended Complaint with a "claim for relief," which he admits appropriately forms "part of a Complaint." The Federal Rules of Civil Procedure do not allow piecemeal pleading because it confuses the Court and the parties, and it makes responding meaningfully to the complaint impossible. See Conrad, 2011 WL 13209598, at *1 ("If the 'operative pleading' consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer. To avoid ambiguity, the complaint must be self-contained in one document.").

If Mr. Desai wishes to amend his Amended Complaint, he must either obtain consent from the Defendants or file a motion for leave to amend that complies with Federal Rule of Civil Procedure 15 and DUCivR. 15-1.  The proposed second amended complaint must contain all allegations, claims for relief, and exhibits that Mr. Desai seeks to have as the operative complaint in this case.[4]  The Court will deny any motion for leave that simply seeks to supplement the operative Amended Complaint (ECF No. 34) in any way.  The proposed second amended complaint must also clearly identify the defendants in the case and how each defendant purportedly harmed him.  See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (holding that "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the pro se plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").  Further, to the extent the District Judge adopts the undersigned's recommendation to dismiss the Utah Tax Commission and State of Utah, any proposed second amended complaint should not name these parties as defendants.

Finally, the Court warns Mr. Desai that it will not tolerate his use of inflammatory language in any further amended pleadings or filings in this case or at oral argument.  Mr. Desai uses the n-word repeatedly throughout the Amended Complaint (ECF No. 34 at 2, 21, 46, 57, 60, 61) and proposed supplement (ECF No. 48-1 at 2, 8, 10, 11, 38 and 42).  When asked at the hearing if any of the Defendants ever called him the n-word and if that formed part of his case, Mr. Desai said no.  In fact, at that time, Mr. Desai

---

[4] Mr. Desai should also title the document attached to the Motion for Leave to File Second Amended Complaint as "Second Amended Complaint" or "Proposed Second Amended Complaint."

14

said he made no claim of racial or national origin discrimination.  Mr. Desai uses the term in an inflammatory, gratuitous, and confusing manner.  Unless Mr. Desai can truthfully allege that one of the defendants called him the n-word and this bears on his claims in this case, the Court will strike any further inflammatory language and references from pleadings and filings in this case.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) ("'[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken sua sponte under the inherent powers of the court.'" (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981)); Carter v. Newman, Civ. A. No. 13-5139 (MAS)(LHG), 2015 WL 858876, at *2 (D.N.J. Feb. 27, 2015) (unpublished) (striking the "N word" from the complaint because it is "highly inflammatory and do[es] nothing to explicate the allegations in the Complaint").  The Court further reminds Mr. Desai of his obligation as the signer of his pleadings, motions, and other documents filed with the Court under Federal Rule of Civil Procedure 11.

## RECOMMENDATION

The Eleventh Amendment bars the present suit against the State Defendants, and the Court therefore lacks subject matter jurisdiction over the claims asserted against them.  Accordingly, the undersigned RECOMMENDS the District Judge dismiss without prejudice the claims against the State Defendants for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the

clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service.  Failure to file objections may constitute waiver of objections upon subsequent review.

## **ORDER**

1.      The undersigned ORDERS Mr. Desai TO SHOW CAUSE why the Court should not dismiss Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer from this case because he failed to serve them.   Federal Rule of Civil Procedure 4(m) required Mr. Desai to serve these individuals with the Summons or Complaint within ninety (90) days after filing the Complaint, but he has not done so.  Mr. Desai has until January 4, 2019 to respond in writing to this Order to Show Cause.  Failure to do so will result in a recommendation that the Court dismiss Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer from this case.

2.      The Court DENIES Mr. Desai's Motion to Leave Amended Complaint Filed on June 04, 2018 (ECF No. 48) and DENIES Mr. Desai's Motion to Leave Claim & Relief Filed on August 20, 2018 (ECF No. 47).  The Court will not allow Mr. Desai to engage in piecemeal pleading in this case by supplementing his Amended Complaint with various other filings.  If Mr. Desai wishes to seek leave to file a standalone second amended complaint containing all allegations, claims for relief, and exhibits that form the basis for his claims in this case, he may do so.  However, if Mr. Desai chooses to seek leave to file a second amended complaint, he must comply with Federal Rule of Civ.=il

Procedure 15 and DUCivR 15-1 and the instructions set forth in Section C of the Discussion section above.

DATED this 18th day of December, 2018.

BY THE COURT:

_Evelyn J. Furse_
EVELYN J. FURSE
United States Magistrate Judge