**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT, JOSEPH THOMPSON, KADE FULMER, LELAND POLLOCK, DAVID B. TEBB, JERRY TAYLOR, UTAH STATE TAX COMMISSION, DANNY LYTLE, GERALD OSBORNE, BENJAMIN HULET, JOHN VALENTINE, MICHAEL CRAGUN, ROBERT PERO, REBECCA ROCKWELL, and BARRY CONOVER,<br><br>　　　　　Defendants. | **REPORT AND RECOMMENDATION TO DISMISS INDIVIDUAL DEFENDANTS**<br><br>Case No.  2:17-cv-01164-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On October 27, 2017, Plaintiff Harshad Desai initiated this case against two sets of Defendants:  (1) Garfield County Government ("Garfield County"), Garfield County Commissioners Leland Pollock, Jerry Taylor, and David B. Tebbs, and two Garfield County employees—Joseph Thompson and Kade Fulmer, and (2) the State of Utah/Utah State Tax Commission ("State Defendants") and various State employees and officials—Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, and Barry Conover.  (Compl., ECF No. 1.)  Of all of these Defendants, Mr. Desai only served the Summons and Complaint on Garfield County and the Utah State Tax Commission.  (See Return of Service, ECF No. 7 (identifying service of Garfield County Government); Return of Service, ECF No. 8 (identifying service on Utah State Tax Commission)).

1

Garfield County and Commissioners Leland Pollock, Jerry Taylor, and David B. Tebbs answered Mr. Desai's Complaint on June 26, 2018.  (Ans., ECF No. 37.)  The State Defendants moved to dismiss Mr. Desai's Complaint.  (State Defs.' Mot. to Dismiss & Mem. in Supp. ("Mot. to Dismiss"), ECF No. 15.)  On December 18, 2018, the undersigned[1] issued a Report and Recommendation recommending that the District Judge grant the Motion to Dismiss because the Eleventh Amendment bars Mr. Desai's claims against the State Defendants and the Court therefore lacks subject matter jurisdiction over those claims.  (R. & R. to Grant State Defs.' Mot. to Dismiss 7–10, ECF No. 54.)  At the same time, the undersigned ordered Mr. Desai to show cause why the Court should not dismiss from the case the individual defendants—Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer— who had not been served with the Complaint or otherwise appeared.  (Order to Show Cause 10–11, ECF No. 54.)  The Order to Show Cause required Mr. Desai to respond in writing by January 4, 2019 and show cause why the individual defendants identified above should not be dismissed for failure to serve, and warned him that failure to respond to the Order to Show Cause would result in a recommendation to the District Judge dismiss those defendants from the case.  (Id.)

On December 24, 2018, Mr. Desai responded to the Order to Show Cause.  (Pl.'s Response Comply Court's Order (dated 12-18-2018) ("OSC Response"), ECF No. 56.)  He also filed an supplement to his response a few days later.  (Correction &

---

[1] On November 29, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 10.)

Supplement (to pl.'s responsive filing of Dec. 24, 2018) ("OSC Supplement"), ECF No. 57.)  Mr. Desai's responses are confusing, unclear, and largely unhelpful, but as apparently relevant to the Order to Show Cause, he indicates that "he did not serve them individually due to lack of knowledge," but also that at the May 15, 2018 hearing

> [t]he plaintiff was told to serve amended complaint to the employees individually.  The plaintiff took it as a choice.  The plaintiff did not serve individually to the employees of Utah Tax Commission as defendants.

(OSC Response 3–4, ECF No. 56.)  In his supplement, Mr. Desai again claims that it "was a choice" after the May 15 hearing whether or not to serve the individual defendants and that on July 27, 2018 he "filed motion 'leave to amend defendants' limiting Utah Tax Commission (State government's agency) and Garfield County Government as defendants."  (OSC Supplement 3, ECF No. 57.)  Further, in the "Request" section of his initial response, Mr. Desai states only that the Court should "reject the claim of State of Utah under amendment 11," "make a ruling whether the court is departing from 11th amendment or accepting the jurisdiction of 11th amendment," and apparently that the Court has the "[w]rong perception" because "[p]ro se means looking for legal help from the court" and that "pr[o] se usually comes with prime meat on paper plate."  (OSC Response 5, ECF No. 56.)  The supplement does not contain a specific request for relief.  (See OSC Supplement, ECF No. 57.)  Importantly, Mr. Desai admits that he has not served the individual defendants, does not state good cause for his continuing failure to serve process on the individual defendants, and does not request additional time to serve them.  Further, his supplement appears to indicate that he sought to eliminate the individual defendants

from this case, although he did not file a motion or other document or dated July 27, 2018 seeking such relief, as he claims in his supplement.

"A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ."  Fed. R. Civ. P. 4(c)(1).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(m) required Mr. Desai to serve the individual defendants with the Summons and Complaint within ninety (90) days after filing the Complaint.  Mr. Desai filed his Complaint on October 27, 2017, so this ninety day period expired on January 25, 2018.  The State Defendants' filings in this case made numerous references to his failure to serve at least the Utah State Tax Commission employees and officials, but Mr. Desai still took no action to serve these defendants.  (See Mot. to Dismiss 2 n.1, ECF No. 15 (stating that "[Mr.] Desai identifies Commission employees and officials in the caption of his Complaint, but he has only served the Complaint on the Commission"); Opp'n to Pl.'s Mot. to Leave to Am. Compl., Mot. to Enter Am. Compl., & Mot. for Leave Claim & Relief 2 n.1, ECF No. 51 (stating that Mr. Desai "has failed to serve any individual state employees or officials, and the time provided by the Court for serving the individuals has expired").).  Further, in his response to the undersigned's Order to Show Cause, Mr. Desai admits that he has not served these defendants, indicated that he chose not to serve them, and does not request additional time to do so.  (OSC Response 3–4, ECF No. 56.)  He also appears

4

to indicate that he intended to remove them from this case.  (OSC Supplement 5, ECF No. 57.)

Finally, the undersigned notes that contrary to Mr. Desai's statements in his response to the Order to Show Cause, the Court does not provide pro se parties with "legal help."  While the Court must afford a pro se litigant certain allowances, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see also Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (stating that "the court cannot take on the responsibility of serving as the litigant's attorney . . .").  Furthermore, a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'"  Garrett, 425 F.3d at 840 (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus Mr. Desai's status as a pro se plaintiff does not relieve him from following the Rules of Civil Procedure, including the Rules relating to service of process.

Accordingly, the undersigned finds that dismissal of the individual defendants for failure to serve process is appropriate pursuant to Fed. R. Civ. P. 4(m) and RECOMMENDS that the District Judge dismiss Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer from this case.

## **RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the District Judge dismiss from this case without prejudice Defendants Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine, Michael Cragun, Robert Pero, Rebecca

Rockwell, Barry Conover, Joseph Thompson, and Kade Fulmer for failure to serve process.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of January, 2019.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge