IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARDSHAD P. DESAI,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT, JOSEPH THOMPSON, KADE FULMER, LELAND POLLOCK, DAVID B. TEBB, JERRY TAYLOR, UTAH STATE TAX COMMISSION, DANNY LYTLE, GERALD OSBORNE, BENJAMIN HULET, JOHN VALENTINE, MICHAEL CRAGUN, ROBERT PERO, REBECCA ROCKWELL, and BARRY CONOVER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:17-cv-01164-DN-EJF<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Evelyn J. Furse on December 18, 2018, recommends that Defendants State of Utah and Utah State Tax Commission's ("State Defendants") Motion to Dismiss First Amended Complaint ("Motion to Dismiss")[2] be granted, and Plaintiff Hardshad P. Desai's claims against the State Defendants be dismissed without prejudice for lack of subject matter jurisdiction.

The parties were notified of their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[3] On December 27, 2018, Mr. Desai filed a document entitled "Plaintiff's Response

---

[1] Report and Recommendation to Grant State Defendants' Motion to Dismiss (ECF No. 35) ("Report and Recommendation"), docket no. 54, filed Dec. 18, 2018.

[2] Docket no. 35, filed June 19, 2018.

[3] Report and Recommendation at 15-16.

Complying Court's Order (dated 12-18-2018)" ("Response"),[4] and on January 3, 2019, Mr. Desai filed a document entitled "Correction & Supplement (to plaintiff's response/filing of December 24, 2018)" ("Supplement").[5] Mr. Desai does not expressly object to any portion of the Report and Recommendation in either his Response or Supplement. But he does request that the State Defendants' argument for sovereign immunity under the Eleventh Amendment to the United States Constitution be rejected.[6] Given Mr. Desai's *pro se* status, this request is construed as an objection to the Report and Recommendation's conclusion that the Eleventh Amendment bars Mr. Desai's claims against the State Defendants.[7]

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[8] Because the analysis and conclusion of the Magistrate Judge are correct, they are accepted and the Report and Recommendation[9] is ADOPTED.

## DISCUSSION

Mr. Desai's Amended Complaint attempts to assert several federal civil rights and Utah state law claims against the State Defendants relating to the appraisal and tax assessment of his properties.[10] Mr. Desai alleges that employees of the Utah State Tax Commission—along with certain employees of Garfield County—lacked qualifications to appraise his properties,

---

[4] Docket no. 56, filed Dec. 27, 2018.

[5] Docket no. 57, filed Jan. 3, 2019.

[6] Response at 4; Supplement at 2-3, 6-7.

[7] Report and Recommendation at 7-10.

[8] 28 U.S.C. § 636(b).

[9] Docket no. 54, filed Dec. 18, 2018.

[10] Amended Complaint Per Court Order on May 15, 2018 ("Amended Complaint"), docket no. 34, filed June 5, 2018.

improperly appraised his properties, and refused to meet with him or provide him with requested information.[11] He also alleges that these employees purposefully overvalued his wife and daughter's properties.[12]

The Magistrate Judge's Report and Recommendation concludes that the State Defendants' Motion to Dismiss should be granted because Mr. Desai's claims against the State Defendants are barred by the Eleventh Amendment.[13] Mr. Desai objects to this conclusion.[14] Specifically, Mr. Desai argues that the Eleventh Amendment should be departed from based on the Ninth Amendment and the uniqueness of the case.[15] This argument is without merit.

"[T]he Eleventh Amendment prohibits a citizen from filing suit against a state [or arm of the state] in federal court."[16] "There are two exceptions to Eleventh Amendment immunity as applied against a State [or arm of the state]: (1) Congress may abrogate a State's Eleventh Amendment immunity in the exercise of its power to enforce the Fourteenth Amendment and (2) a State may waive its Eleventh Amendment immunity by consenting to suit."[17]

Mr. Desai offers no legal support for the proposition that a third exception, based on the Ninth Amendment and uniqueness of a case, is recognized. Nor is there any legal justification for such an exception to now be recognized.

---

[11] *Id*. at 12-14, 27-38, 45.

[12] *Id*. at 27-38, 50-52.

[13] Report and Recommendation at 7-10.

[14] Response at 4; Supplement at 2-3, 6-7.

[15] Response at 4; Supplement at 2-3, 6-7.

[16] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2010).

[17] *Harris v. Oklahoma Office of Juvenile Affairs*, 519 Fed. App'x 978, 979 (10th Cir. 2013).

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."[18] In essence, Mr. Desai's argument is that he has the right to sue the State Defendants in federal court and the Ninth Amendment protects that right. But "[t]he district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]"[19] And neither the Constitution nor any statute establishes a general right for Mr. Desai to sue the State Defendants in federal court. Indeed, the Eleventh Amendment prohibits him from doing so, unless one of two exceptions applies.[20]

The Magistrate Judge's decision to implement an immunity analysis under the Eleventh Amendment on Mr. Desai's claims against the State Defendants was correct. And because Mr. Desai did not object to the Report and Recommendation's analysis and conclusion that the State Defendants are entitled to Eleventh Amendment immunity, the Report and Recommendation's analysis and conclusion are accepted.[21] Therefore, the Report and Recommendation[22] is ADOPTED.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[23] is ADOPTED. The State Defendants' Motion to Dismiss First Amended Complaint[24] is GRANTED. Plaintiff's

---

[18] U.S. Const. Amend. IX.

[19] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted).

[20] *Harris*, 519 Fed. App'x at 979; *Ruiz*, 299 F.3d at 1180.

[21] *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[22] Docket no. 54, filed Dec. 18, 2018.

[23] Docket no. 54, filed Dec. 18, 2018.

[24] Docket no. 35, filed June 19, 2018.

claims against the State Defendants are DISMISSED without prejudice for lack of subject matter jurisdiction.

Signed January 16, 2019.

BY THE COURT

_____
District Judge David Nuffer