**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY GOVERNMENT, JOSEPH THOMPSON, LELAND POLLOCK, DAVID B. TEBB, and JERRY TAYLOR,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 86)**<br><br>Case No.  2:17-cv-01164-HCN-EJF<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Evelyn J. Furse |

The remaining Defendants in this case—Garfield County Government and Garfield County Commissioners Leland Pollock, Jerry Taylor, and David B. Tebbs (collectively, "Garfield Defendants")—move the Court to dismiss pro se Plaintiff Harshad Desai's Amended Complaint (ECF No. 34) for lack of jurisdiction pursuant to Federal Rules of Civil Procedure 12(b) and 56.  (Defs.' Mot. to Dismiss for Lack of Jurisdiction ("Mot."), ECF No. 86.)  The Garfield Defendants argue that the Court lacks jurisdiction over Mr. Desai's case because he lacks Article III standing.  (Id. at 1–2, 4–7.)  Specifically, they claim that Mr. Desai does not have standing to bring this case because he does not have any ownership interest in the properties over which this case centers.  This case concerns the appraisals and valuations for tax purposes of certain properties in Garfield County—the (1) Marianna Inn (Parcel # P-455), (2) Panguitch Inn (Parcel # P-219), and (3) Tandoori Taqueria (Parcel # P-236).  Because Mr. Desai lacks an interest in these properties and did not have any ownership interest in them from 2004 to 2018—the time frame at issue in the Amended Complaint—the Garfield

1

Defendants claim Mr. Desai has not suffered an injury in fact required to confer Article III standing in this case.  Mr. Desai filed three "Objections" to the Garfield Defendants' Motion, but he does not substantively dispute any of the facts or arguments set forth in the Motion.  (Pl.'s Objection to Defs.' Mot. to Dismiss for Lack of Jurisdiction ("Objection No. 1"), ECF No. 92; Pl.'s Objection to Defs.' Mot. to Dismiss for Lack of Jurisdiction With Newer Evidences ("Objection No. 2"), ECF No. 97); Pl.'s Objection to Defendant's Motion to Dismiss the Case ("Objection No. 3"), ECF No. 102.)[1]  Moreover, in his third Objection, Mr. Desai admits that his wife, Tarla H. Desai, owns the Marianna Inn (Parcel # P-455) and Tandoori Taqueria (Parcel # P-236).  (Objection No. 3 at 3–4, ECF No. 102.)

    As addressed below, having considered the parties' memoranda and exhibits,[2] the undersigned[3] RECOMMENDS the District Judge GRANT the Garfield Defendants' Motion and DISMISS Mr. Desai's Amended Complaint without prejudice.  The undisputed facts show that Mr. Desai did not have any interest in the properties at issue in this case during the relevant time frame set forth in the Amended Complaint and

---

[1] Mr. Desai's filing of three Objections—two of which were filed after the time provided by the District of Utah's Local Rules to respond to a motion to dismiss or motion for summary judgment expired, DUCivR 7-1(b)(3)(A)—is improper.  Parties may only file one response to a motion and must follow the timing requirements set forth in the Local Rules.  Nevertheless, given that the Garfield Defendants seek to dismiss Mr. Desai's case, the undersigned considers all of Mr. Desai's Objections.

[2] Pursuant to Local Rule DUCivR 7-1(f), the undersigned finds oral argument unnecessary and makes its recommendation on the Motion based on the parties' written memoranda and exhibits.

[3] On November 29, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 10.)  On June 14, 2019, the newly-assigned District Judge affirmed the order of reference under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 90.)

therefore, does not have standing to bring claims stemming from the appraisals and valuations of those properties.

## **LEGAL STANDARD**

The Garfield Defendants move to dismiss Mr. Desai's Complaint on Article III standing grounds pursuant to Federal Rule of Civil Procedure 12(b), which provides that a party may by motion assert a defense of lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and Federal Rule of Civil Procedure 56, which sets forth the standard for summary judgment, Fed. R. Civ. P. 56(a), because they present matters outside of the pleadings in their Motion.  (Mot. to Dismiss 1–3, ECF No. 86).  Because the Garfield Defendants present—and the Court considers—matters outside the pleadings, the Court treats the Motion as one for summary judgment as to Article III standing.

"Under Article III of the United States Constitution, federal courts only have jurisdiction to hear certain 'Cases and Controversies.' "  Colorado Outfitters Ass'n v. Hickenlooper, 823 F.3d 537, 543 (10th Cir. 2016) (quoting Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 (2014)).  Article III "standing is a question of 'justiciability [that] implicates th[e] [C]ourt's jurisdiction.' "  United States v. Ramos, 695 F.3d 1035, 1046 (10th Cir. 2012) (quoting Morgan v. McCotter, 365 F.3d 882, 887 (10th Cir. 2004)).  Thus, if "the record reveals a colorable standing issue," the Court has a 'duty to undertake an independent examination' (sua sponte if necessary) of that issue."  Id. (quoting Morgan, 365 F.3d at 887).

The Court grants summary judgment when the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  " 'A fact is material if, under the governing law, it

could have an effect on the outcome of the lawsuit.  A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented.' " Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (quoting E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)).  In evaluating a motion for summary judgment, the Court reviews "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor." Jones v. Norton, 809 F.3d 564, 573 (10th Cir. 2015).

Further, while courts generally construe pro se filings broadly, Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008), a court cannot act as an advocate for pro se litigants who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (indicating that the district court may not "assume the role of advocate for the pro se litigant"); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (stating that pro se parties must " 'follow the same rules of procedure that govern other litigants' ") (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

## **RELEVANT FACTS**

The following facts come from the Garfield Defendants' Motion and the filings in this case.  Mr. Desai does not dispute any of the facts set forth by the Garfield Defendants in their Motion.  (See generally Objection No. 1, ECF No. 92; Objection No. 2, ECF No. 97; Objection No. 3, ECF No. 102.)

### **A.  Mr. Desai's Allegations**

Mr. Desai's Amended Complaint is the operative pleading in this case.  (See Am. Compl., ECF No. 34.)  The District Judge previously dismissed all Defendants named in

the Amended Complaint other than Garfield County and Garfield County
Commissioners Leland Pollock, Jerry Taylor, and David B. Tebbs. (See Mem. Decision
& Order Adopting R. & R., ECF No. 61 (dismissing Defendants State of Utah and Utah
State Tax Commission); Mem. Decision & Order Adopting R. & R., ECF No. 66
(dismissing Defendants Danny Lytle, Gerald Osborne, Benjamin Hulet, John Valentine,
Michael Cragun, Robert Pero, Rebecca Rockwell, Barry Conover, Joseph Thompson,
and Kade Fulmer).)

Mr. Desai appears to assert that the Garfield Defendants violated certain of his
constitutional rights, specifically invoking 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and
also appears to allege that they violated certain state laws relating to property
appraisals. (Am. Compl. 2–8, ECF No. 34.) While the Amended Complaint lacks
clarity, Mr. Desai's allegations center on the appraisals and valuations for tax purposes
of three properties in Garfield County: (1) Marianna Inn (Parcel # P-455), (2) Panguitch
Inn (Parcel # P-219), and (3) Tandoori Taqueria (Parcel # P-236). (Id. at 11–13, 17–19,
21–24, 28–32, 38, 50–51.) Mr. Desai alleges that the Marianna Inn and Panguitch Inn
are his properties (id. at 11, 17, 21), while also asserting that his wife, Tarla H. Desai,
owns the properties (id. at 21). As to the Tandoori Taqueria, Mr. Desai alleges that his
wife owns the property, and his daughter owns the restaurant. (Id. at 28, 29, 50.) He
claims, however, that he is the "authorized representative/administrator" of the property.
(Id. at 28.)

Specifically, Mr. Desai appears to allege that certain Garfield County employees
(along with Utah State Tax Commission employees) did not have the qualifications to
and did not properly appraise or value these properties for tax purposes compared to

other similar properties owned by "local white" people with personal and/or political connections.  (Am. Compl. 9–24, 50–52, ECF No. 34.)  He further complains that the Garfield Defendants refuse to provide requested information concerning the properties or meet with him.  (Id. at 11–15, 28–39, 43–45.)  Mr. Desai asserts that a "property owner and authorized representative" has the right to review reports concerning the properties they own or administer.  (Id. at 8–9.)  Mr. Desai's allegations concerning these properties date from 2004 to 2018.  (Id. at 12–14, 17–19, 21–22, 28–30, 36–39, 43–45, 50-51.)

## B. Ownership of Properties

### 1. Marianna Inn (Parcel # P-455)

Mr. Desai conveyed the Marianna Inn parcel to Tarla Desai in a quit-claim deed recorded June 16, 1992.  (Mot., Undisputed Facts ("Facts") ¶ 4, ECF No. 86; Ex. A to Mot., 1992 Quit-Claim Deed, ECF No. 86-1.)  Tarla Desai then conveyed the property to Tarla H. Desai, Trustee of the Tarla H. Desai Revocable Living Trust dated May 14, 1999, in a warranty deed recorded May 18, 1999.  (Notice of Errata re Mot., ECF No. 100 & Corrected Mot., ECF No. 100-1, Facts ¶ 5;[4] Ex. C to Mot., 1999 Warranty Deed, ECF No. 86-3 & ECF No. 100-4.)  The legal description for this property in the quit-claim deed (identified as Parcel 1) and warranty deed matches the legal description for the Marianna Inn parcel (#P-455) identified in Garfield County's Tax Roll Master Record.

---

[4] On November 8, 2019, the Garfield Defendants filed a Notice of Errata, which attached a corrected version of their Motion.  This filing corrected a typographical error made with respect to one of their facts.  The original Motion erroneously indicated that the warranty deed referenced in paragraph 5 of their undisputed facts related to the Panguitch Inn parcel (Parcel # P-219).  However, the errata and corrected version of the Motion clarify that the warranty deed relates to the Marianna Inn parcel (Parcel # P-455).

(Mot., Facts ¶ 4, ECF No. 86; <u>compare</u> Ex. A to Mot., 1992 Quit-Claim Deed (Parcel 1),
ECF No. 86-1 and 1999 Warranty Deed, ECF No. 86-3 <u>with</u> Ex. C to Mot., Garfield
County Tax Roll Master Record (Parcel #P-455), ECF No. 86-3.)  Further, the Tax Roll
Master Record for the property identifies Tarla H. Desai, Trustee, as the owner of the
Marianna Inn (Parcel #P-455).  (Mot., Facts ¶ 4, ECF No. 86; Ex. C to Mot., Garfield
County Tax Roll Master Record (Parcel #P-455), ECF No. 86-3.)  Mr. Desai also admits
that Tarla H. Desai owns this property.  (Objection No. 3 at 3, ECF No. 102.)

    2.  <u>Panguitch Inn (Parcel # P-219)</u>

    Mr. Desai conveyed the Panguitch Inn parcel to Tarla Desai in a quit-claim deed
recorded June 16, 1992.  (Mot., Facts ¶ 4, ECF No. 86; Ex. A to Mot., 1992 Quit-Claim
Deed, ECF No. 86-1.)  Tarla H. Desai, Trustee of the Tarla H. Desai Revocable Living
Trust dated May 14, 1999, conveyed the property to Sejal H. Desai, in a quit-claim deed
recorded October 18, 2005.  (Mot., Facts ¶ 6, ECF No. 86; Ex. D. to Mot., 2005 Quit-
Claim Deed, ECF No. 86-4.)  Sejal H. Desai conveyed the property back to Tarla H.
Desai, Trustee of the Tarla H. Desai Revocable Living Trust dated May 14, 1999, in a
quit-claim deed recorded April 18, 2006.  (Mot., Facts ¶ 6, ECF No. 86; Ex. D. to Mot.,
2006 Quit-Claim Deed, ECF No. 86-4.)  The legal description for this property in the
original quit-claim deed (identified as Parcel 2) and subsequent quit-claim deeds match
the legal description for the Panguitch Inn parcel (#P-219) identified in Garfield County
Tax Roll Master Records and other tax records.  (Mot., Facts ¶ 4, ECF No. 86; <u>compare</u>
Ex. A to Mot., 1992 Quit-Claim Deed (Parcel 2), ECF No. 86-1 and Ex. D to Mot., Quit-
Claim Deeds, ECF No. 86-4 <u>with</u> Ex. B to Mot., Garfield County Tax Documents (Parcel
#P-219), ECF No. 86-2.)  Further, the Garfield County Tax Roll Master Record and

7

other tax documents for the property identify Tarla H. Desai, Trustee, as the owner of the Panguitch Inn (Parcel #P-219).  (Mot., Facts ¶ 4, ECF No. 86; Ex. B to Mot., Garfield County Tax Documents (Parcel #P-219), ECF No. 86-2.)

      3.  <u>Tandoori Taqueria (Parcel # P-236)</u>

Broker's Investments, LC conveyed the Tandoori Taqueria parcel to Tarla H. Desai, Trustee of the Tarla H. Desai Revocable Living Trust dated May 14, 1999, in a warranty deed recorded September 19, 2013.  (Mot., Facts ¶ 7, ECF No. 86; Ex. E to Mot., 2013 Warranty Deed, ECF No. 86-5.)  The legal description for this property in the warranty deed matches the legal description for the Tandoori Taqueria parcel (#P-236) identified in Garfield County Tax Roll Master Records and other tax records.  (<u>Compare</u> Ex. E to Mot., 2013 Warranty Deed, ECF No. 86-5 <u>with</u> Ex. E to Mot., Garfield County Tax Documents (Parcel #P-236), ECF No. 86-5.)  Further, the Garfield County tax documents identify Tarla H. Desai, Trustee, as the owner of the Tandoori Taqueria (Parcel #P-236).  (Ex. E to Mot., Garfield County Tax Documents (Parcel #P-236), ECF No. 86-5.)  Mr. Desai also admits that Tarla H. Desai owns this property.  (Objection No. 3 at 3–4, ECF No. 102.)

## **DISCUSSION**

To satisfy Article III's case-or-controversy requirement and establish standing to sue in federal court, a plaintiff must demonstrate "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision."  <u>Colorado Outfitters Ass'n</u>, 823 F.3d at 543 (quoting <u>Susan B. Anthony List</u>, 573 U.S. at 157–58 (internal quotations omitted; alteration in original)).  The plaintiff bears the burden of establishing

these elements, which " 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case.' " Id. at 544 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see also Spokeo, Inc. v. Robins, 578 U. S. ____,136 S. Ct. 1540, 1547 (2016), as revised May 24, 2016 ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.").

"The 'injury in fact' requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief." Tandy v. City of Wichita, 380 F.3d 1277, 1283 (10th Cir. 2004). If a plaintiff seeks prospective relief, he "must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." Id. The threatened injury must qualify as impending and not merely speculative. Id. If a plaintiff seeks retrospective relief, he must have "suffered a past injury that is concrete and particularized." Id. at 1284. The injury in fact requirement ensures that a plaintiff has an actual stake in the outcome of the case and prevents federal courts from becoming " 'publicly funded forums for the ventilation of public grievances.' " Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 875 (10th Cir. 1992) (quoting Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)).

The Garfield Defendants assert in their Motion that Mr. Desai cannot establish the first element of standing—that he suffered an injury in fact—and the Court therefore lacks jurisdiction over the claims asserted against them in the Amended Complaint. (Mot. 5–7, ECF No. 86.) Specifically, the Garfield Defendants claim that Mr. Desai has not had an ownership interest in the three properties that form the basis for his claims— the (1) Marianna Inn (Parcel # P-455), (2) Panguitch Inn (Parcel # P-219), and (3)

Tandoori Taqueria (Parcel # P-236)—during the time frame at issue in his Amended

Complaint and therefore cannot show that he has "been injured by the alleged

appraisals, valuations, or taxes levied against those properties." (Id. at 6–7.)  The

Garfield Defendants also point out that Mr. Desai, who is proceeding pro se, cannot

represent the interests of a third party or artificial entity such as a trust.  (Id. at 7–8.)

Mr. Desai did not respond substantively to any of these arguments.  Instead, his

Objections consist largely of generic, unsupported statements such as "Defendant's

positions are invalid", and "[t]he plaintiff is not representing any third party," along with

additional information and argument not responsive to the Garfield Defendants' Motion.

(See Objection No. 1, ECF No. 92; Objection No. 2, ECF No. 97; Objection No. 3, ECF

No. 102.)  However, in his third Objection, Mr. Desai admits that his wife, Tarla H.

Desai, owns the Marianna Inn (Parcel # P-455) and Tandoori Taqueria (Parcel # P-236)

parcels.  (Objection No. 3 at 3–4, ECF No. 102.)

Based on the undisputed facts before the Court, Mr. Desai cannot show that he

suffered an injury fact as required to establish Article III standing.  The undisputed facts

demonstrate that Mr. Desai does not have an interest in the three properties central to

his case—the Marianna Inn (Parcel # P-455), Panguitch Inn (Parcel # P-219), and (3)

Tandoori Taqueria (Parcel # P-236)—and did not have an interest in those properties

from 2004 to 2018, the relevant time frame in this case.  The deeds and tax documents

Garfield County attached to its Motion show that (1) Tarla H. Desai, Trustee of the Tarla

H. Desai Revocable Living Trust dated May 14, 1999 owns the properties, (2) that Mr.

Desai has not had an ownership interest in the Marianna Inn (Parcel # P-455) or

Panguitch Inn (Parcel # P-219) since 1992, and (3) that Mr. Desai has never had an

ownership interest in the Tandoori Taqueria (Parcel # P-236).  Mr. Desai has not submitted any evidence to contradict these facts and expressly admitted that his wife owns two of the properties.  Nor has he provided any evidence indicating that he has any other type of interest in the properties or that he is the authorized representative or administrator of the properties or the Tarla H. Desai Revocable Living Trust.

Because Mr. Desai does not have an ownership interest in the Marianna Inn (Parcel # P-455), Panguitch Inn (Parcel # P-219), or Tandoori Taqueria (Parcel # P-236) and has not had an interest in those properties from 2004 to 2018—the time frame at issue in his Amended Complaint—he cannot show that he has suffered a concrete injury or is under imminent threat of suffering a future injury based on the appraisals or valuations of these properties for tax purposes during that time period.  Indeed, given that Mr. Desai does not have an ownership interest in the properties, he is under no obligation to pay taxes on the properties and has not and will not suffer any injury as a result of the appraisals or valuations of those properties.  Further, because Mr. Desai does not have an ownership interest in the properties and has not set forth any evidence indicating that he is an administrator or authorized representative for the properties or the Tarla H. Desai Revocable Living Trust, he cannot establish that he suffered an injury as a result of the Garfield Defendants' alleged failure to provide requested information concerning the properties or meet with him.

Further, Mr. Desai proceeds pro se in this matter and, as such, he cannot represent the interests of another party or artificial entity, including a trust.  See Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299–300 (10th Cir. 2011) (" '[B]ecause pro se means to appear for one's self, [however,] a person may not appear on another

11

person's behalf in the other's cause[;]' rather, a 'person must be litigating an interest personal to him.' " (quoting <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998))); <u>United States v. Lain</u>, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (indicating that a trust is an artificial entity and cannot be represented by a nonlawyer); <u>United States v. Cram</u>, No. 2:97-CV-502 K, 1998 WL 919871, at *6 (D. Utah Dec. 3, 1998) (unpublished) ("A trust is an artificial entity created by law, whether common or statutory, and as such cannot appear in court pro se as a natural person."); DUCivR 83-1.3(c) ("Individuals may represent themselves in the court.  No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court.").  Thus, Mr. Desai cannot represent the interests of Tarla M. Desai or the Tarla H. Desai Revocable Living Trust.

As set forth above, Mr. Desai lacks Article III standing, which is required to assert claims in federal court.  Mr. Desai's Amended Complaint and other filings in this case make clear that he has many issues with how the Garfield County government operates; however, given that he has not suffered a cognizable injury, this court is not the proper forum for him to air those grievances.  <u>See</u> <u>Ash Creek Mining</u>, 969 F.2d at 875 (stating that the Article III standing requirement prevents federal courts from becoming " 'publicly funded forums for the ventilation of public grievances' " (quoting <u>Valley Forge Christian Coll.</u>, 454 U.S. at 473)).

## **RECOMMENDATION**

Mr. Desai has not suffered an injury in fact as required to confer Article III standing, and the Court therefore lacks jurisdiction over his remaining claims against the Garfield Defendants.  Accordingly, the undersigned RECOMMENDS the District Judge

GRANT the Garfield Defendants' Motion and dismiss without prejudice Mr. Desai's Amended Complaint.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate . . .")

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 6th day of March, 2020.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge